UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                        Case No. 8:14-cr-136-T-30TGW

AARON EDWIN REMALEY

## FINAL JUDGMENT OF FORFEITURE FOR SUBSTITUTE ASSET

This cause comes before the Court upon the United States' motion for a Final Judgment of Forfeiture (Doc. 178) for the following real property, as a substitute asset in partial satisfaction of the defendant's $284,250.00 forfeiture money judgment:

> The real property, including all improvements thereon and appurtenances thereto, located at 13415 Lynnetree Lane, Riverview, Florida 33579, more particularly described as follows:
>
> Lot 27, Block 4, Colonial Hills – Phase 4, according to the map or plat thereof, as recorded in Plat Book 89, Page 14, of the Public Records of Hillsborough County, Florida.
>
> Parcel ID: U0131205OZ00000400027.0

(the Property).

The Court finds that, in accordance with 21 U.S.C. § 853(n) and Rule 32.2(b)(6)(C), the United States published notice of the forfeiture and of its intent to dispose of the Property on the official government website, www.forfeiture.gov, from December 18, 2014 through January 16, 2015. Doc. 104. The publication gave notice to all third parties with a legal interest in the Property to file with the Office of the Clerk—United States District Court, Middle District of Florida, Sam Gibbons Federal

Courthouse, 2nd Floor, 801 North Florida Avenue, Tampa, Florida, 33602—a petition to adjudicate their interests within 60 days of the first date of publication. Doc. 47, p. 3.

In addition, in accordance with the requirements of 21 U.S.C. § 853(n), the United States sent notice of this forfeiture action and instructions on filing a claim, via certified and first class mail, to Maria L. Remaley, the Hillsborough County Tax Collector, and New Century Mortgage Corporation.

The time for filing a petition has passed and no person or entity, other than Maria L. Remaley, filed a claim to the Property. On February 26, 2015, Maria L. Remaley (Claimant), filed a claim to the Property. Doc. 127. On December 14, 2015, at a forfeiture hearing, the Court found that the Claimant does not have a 100% interest in the Property. Rather, the Defendant and Claimant each have a one-half interest in the Property. Docs. 163, 165.

Although the Tax Collector and New Century Mortgage Corporation did not file a claim, the United States recognizes any interest they may have in the Property.

Upon entry of the Final Judgment of Forfeiture, "the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee." 21 U.S.C. § 853(n)(7). Section 853(h) specifically provides that, "following the seizure of property ordered forfeited . . ., the Attorney General *shall* direct the disposition of the property by sale or any other commercially feasible means, making due provision for the rights of any innocent parties."

The United States has provided notice pursuant to the relevant statutes and Rules. No one aside from the Claimant has expressed an interest in the Property, and the time for filing a petition has expired. As set forth above, the United States recognizes Claimant's one-half interest in the property. Federal and Florida law, as well as the Defendant's plea agreement, make clear that the remaining one-half interest should be forfeited to the United States. Pursuant to 21 U.S.C. § 853, the United States should dispose of its one-half interest "by sale or any other commercially feasible means, making due provision for the rights of any innocent parties."

The appropriate means, through which the United States should dispose of its one-half interest, while protecting the interest of the Claimant, is by selling the Property and dividing the net proceeds of that sale equally with the Claimant.

Accordingly, it is hereby:

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' motion (Doc. 178) is GRANTED.

It is FURTHER ORDERED that pursuant to 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2), the defendant's one-half interest in the real property described above is CONDEMNED and FORFEITED to the United States for disposition according to law.

It is FURTHER ORDERED that, pursuant to 21 U.S.C. § 853(h), the United States shall sell the Property in a commercially feasible manner and divide the net proceeds—which shall include the sales price less the satisfaction of all liens and taxes,

and the costs of possession, maintenance, repair, marketing, and sale of the property—equally with Maria L. Remaley.

It is FURTHER ORDERED that Maria L. Remaley and any other occupants of the property shall vacate the premises within 60 days of the date of this Order in order to facilitate the sale of the property.

It is FURTHER ORDERED that Maria L. Remaley shall provide any information and execute any documents necessary to facilitate the sale.

DONE and ORDERED in Tampa, Florida, this 23rd day of January, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record